MoNakuaNI), J.,
delivered tbe opinion of tbe court:
Tbe first exception is to tbe action of tbe court in allowing tbe lost warrant and note to be supplied by copies. Tbe affidavits are not made part of tbe record, and in tbe order of tbe court, we see no error. Tlie only question would be whether, in sucb a case, tbe plaintiff ¡must substitute for tbe lost note tbe affidavit prescribed by statute, where suits are brought upon lost notes, or may it be supplied as other lost papers in a pending cause are supplied? Tbe suit is commenced before a justice of tbe peace, and tbe note is, by statute, required to be filed with tbe warrant, and becomes part of tbe papers in tbe cause. Code, sec. 4157 [Shannon’s Code, sec. 5970], and tbe provisions under which tbe copies in this cause were substituted, provide for supplying any paper in a cause. Code, 2876, 3907 [Shannon’s Code, secs. 4596, 5701J. We bold there is no error in tbe action of tbe court.
Second, tbe defendant filed a number of exceptions to a certain “batch” of depositions taken by tbe plaintiff. Tbe clerk sustained these exceptions, but upon appeal, tbe court overruled tbe exceptions. Tbe exceptions sustained by tlie clerk were tbe first, second, and fifth. Tbe others were overruled, and no appeal.
Tbe first exception is that the depositions were not taken *111 and Sled more than five days before the sitting of the court at which the exceptions were taken.
We have been referred to no statute or rule of court requiring this, and suppose there is none.
The second exception is, that the caption does not state where the depositions were taken, whether in the State of Tennessee, or some other place, as required by law. The caption shows that the depositions were taken on the first day of April, 1876, “before me, at my house,” and the magistrate signs the certificate, Wm. A. Howell, justice of the peace for Hamblen county. This we hold to be sufficient.
The fifth exception is that the questions were not reduced to writing before being put to the witness, and read over to him, as required by law.
Sec. 3859 of the Code [Shannon’s Code, sec. 5650], provides that “the commissioner, having first sworn the witness according to law, should require the questions to be reduced to waiting before being put, and then read to the witness,” etc.
We hold that this is a direction to the commissioner; at any rate, where the party has notice and fails to appear, or appearing, fails at the time to- object to this mode of taking depositions (that is, without the questions being written), that the depositions were not for this to be excluded.
Upon the hearing of these exceptions before the court, the defendant asked leave to take another exception: that the deposition had not been sealed up and the commissioner’s name written across the seal, and the style of the case .indorsed, but the court refused, the clerk stating that the depositions were received sealed up, and the commissioner’s name written across two of the seals, but he did not remember whether the style of the case wastindorsed or not. To have put the court in error, the defendant should have taken his exception before the clerk in the first instance. He had ample time to do this, as the action of the *112 court ivas on the 9th, and the trial did not occur until the 10th of the month.
This case involves hut a small amount, and was pending some seven years in the court below. We think it should terminate.
Affirm the judgment.